Stuart M. Richter (admitted *pro hac vice*)
Andrew J. Demko (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East – Suite 2600
Los Angeles, CA 90067
Tel.: 310-788-4400
stuart.richter@katten.com
andrew.demko@katten.com
H. Harold Stephens
hstephens@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
Telephone: (256) 517-5200
Nicholas Adam Danella
ndanella@bradely.com
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000

*Counsel for Defendant Redstone Federal Credit Union*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| HEATHER LESLIE, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff,*<br>v.<br><br>REDSTONE FEDERAL CREDIT UNION,<br><br>    DEFENDANT. | Case No. 5:20-cv-00629-LCB<br><br>Hon. Liles C. Burke<br><br>**DEFENDANT REDSTONE FEDERAL CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><u>Complaint Filed:</u> May 5, 2020 |

Defendant Redstone Federal Credit Union ("Redstone"), by its attorneys Katten Muchin Rosenman LLP and Bradley Arant Boult Cummings LLP, and as for its answer and affirmative defenses to the Complaint (Dkt. 1) of plaintiff Heather Leslie ("Plaintiff"), hereby responds to the Complaint as follows:

1. Redstone admits that Plaintiff purports to bring a civil action seeking monetary damages, restitution, and declaratory relief, but denies that Plaintiff is entitled to such relief. Redstone denies the remaining allegations in paragraph 1.

2. With respect to paragraph 2, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

3. With respect to paragraph 3, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

4. With respect to paragraph 4, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

5. Redstone denies the allegations in paragraph 5.

6. Redstone denies the allegations in paragraph 6.

7. Redstone denies the allegations in paragraph 7.

8. Redstone admits that Plaintiff purports to bring this action as a class action and that she purports to allege claims in her own right and as a class representative of others similarly situated. Redstone denies that Plaintiff is entitled to any such relief and denies the remaining allegations in paragraph 8.

## **JURISDICTION**

9. Redstone admits to statutory subject matter jurisdiction under the Class Action Fairness Act ("CAFA") and that Plaintiff alleges a claim for violation

of the Electronic Funds Transfer Act ("EFTA"). However, Redstone denies that Plaintiff has Article III standing to assert her EFTA claim.

10. Redstone admits the Court currently has personal jurisdiction over it with respect to this action. Redstone further admits venue is proper.

## **CLASS ACTION ALLEGATIONS**

11. Redstone admits that Plaintiff purports to bring this case as a class action, but denies that the case is suited for class treatment and denies that there are merits to the allegations as stated.

12. Redstone admits that Plaintiff purports to bring this case as a class action and proposes one potential class, but denies that the case is suited for class treatment and denies that there are merits to the allegations as stated.

13. Paragraph 13 has no facts to admit or deny. To the extent a response is required, Redstone denies the allegations in this paragraph.

14. Redstone admits that Plaintiff purports to exclude from the proposed class the noted exclusions, but denies that the case is suited for class treatment and denies that there are merits to the allegations as stated.

15. Paragraph 15 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

16. Paragraph 16 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

17. Paragraph 17 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

18. Paragraph 18 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

19. Paragraph 19 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

20. Paragraph 20 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

21. Paragraph 21 calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in this paragraph.

## PARTIES

22. Redstone admits that Plaintiff has a checking account with Redstone and that the address on that account is in Murfreesboro, Tennessee. As to the remaining allegations in paragraph 22, Redstone lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the remaining allegations in this paragraph.

23. As to the allegations in paragraph 23, Redstone admits that it is a credit union headquartered in Huntsville, Alabama. It further admits that it has branches throughout Alabama and Tennessee, but denies that it has twenty-six. Except as expressly admitted, Redstone lacks information to admit or deny, and on that basis denies the remaining allegtions in this paragraph.

# FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**A.** **RFCU's Account Documents Promise That It Will Only Charge OD Fees or NSF Fees on Transactions That Actually Overdraw an Account**

24. With respect to paragraph 24, Redstone admits that Plaintiff's account is governed by a contract between the parties. Redstone further states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

25. With respect to paragraph 25, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

26. With respect to paragraph 26, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

27. With respect to paragraph 27, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

28. With respect to paragraph 28, Redstone states that the contract documents speak for themselves and refers the Court to the documents for their terms and provisions, and denies any other allegations in this paragraph.

29. Redstone denies the allegations in paragraph 29.

30. Redstone denies the allegations in paragraph 30.

31. Redstone denies the allegations in paragraph 31.

**B.** **Examples of RFCU's Imposition of NSF Fees on Ms. Leslie**

32. Redstone denies the allegations in paragraph 32.

33. Redstone denies the allegations in paragraph 33.

### C.  RFCU Abuses Its Discretion

34. Redstone denies the allegations in paragraph 34.

35. Redstone denies the allegations in paragraph 35.

36. Redstone denies the allegations in paragraph 36.

37. Redstone denies the allegations in paragraph 37.

### D.  Regulation E Confers Important Rights to RFCU Account Holders

38. With respect to paragraph 38, Redstone states that Regulation E speaks for itself and refers the Court to the regulation for its full contents, and denies any other allegations in this paragraph.

39. With respect to paragraph 39, Redstone states that Regulation E speaks for itself and refers the Court to the regulation for its full contents, and denies any other allegations in this paragraph.

40. With respect to paragraph 40, Redstone states that Regulation E and the Official Staff Commenty speak for themselves and refers the Court to the regulation and commentary for their full contents, and denies any other allegations in this paragraph.

41. With respect to paragraph 42, Redstone states that Regulation E and the Official Staff Commenty speak for themselves and refers the Court to the regulation and commentary for their full contents, and denies any other allegations in this paragraph.

### **FIRST CLAIM FOR RELIEF**
### **Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**
### **(On Behalf of Plaintiff and the Class)**

42. Redstone repeats, re-alleges, and incorporates herein by reference to its answers and denials to paragraphs 1 through 41 above.

43. Redstone admits that it and Plaintiff have a contract relating to Plaintiff's account with Redstone. Except as expressly admitted, Redstone denies any other allegations in paragraph 43.

44. Redstone denies the allegations in paragraph 44.

45. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in paragraph 45.

46. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Redstone denies the allegations in paragraph 46.

47. Redstone denies the allegations in paragraph 47.

48. Redstone denies the allegations in paragraph 48.

49. Redstone denies the allegations in paragraph 49.

**SECOND CLAIM FOR RELIEF**
**Violation of Electronic Fund Transfers Act (Regulation E)**
**C.F.R. § 1005 *et seq.* (authority derived from 15 U.S.C. § 1693 *et seq.*)**
**(On Behalf of Plaintiff and the Class)**

50. Redstone repeats, re-alleges, and incorporates herein by reference to its answers and denials to paragraphs 1 through 49 above.

51. Redstone denies the allegations in paragraph 51.

52. Redstone denies the allegations in paragraph 52.

53. With respect to paragraph 53, Redstone states that Regulation E and the Official Staff Commentary speak for themselves and refers the Court to the regulation and commentary for their full contents, and denies any other allegations in this paragraph.

54. Redstone denies the allegations in paragraph 54.

55. Redstone denies the allegations in paragraph 55.

56. Redstone denies the allegations in paragraph 56.

57. Redstone denies the allegations in paragraph 57.

## AFFIRMATIVE AND OTHER DEFENSES

Any and all allegations set forth in the Complaint which have not been expressly admitted hereinabove, are hereby denied.

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Redstone bears any burden of proof as to any of them, Redstone asserts the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff and the putative class members are not entitled to recover under their claims for relief because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of the putative class members. Without limitation, Plaintiff lacks Article III standing to assert her EFTA claim because she did not opt in for overdraft coverage for non-recurring debit-card and ATM transactions (*see* Dkt. 28-1).

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff and the putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiff now attempts to assert. Among other things, Plaintiff knowingly and willingly caused her account to overdraft and incurred fees assessed as a result of those overdrafts.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members' claims are barred, in whole or in part, because they expressly or impliedly consented to the conduct complained of in the Complaint. Among other things, Plaintiff knowingly and willingly caused her account to overdraft and incurred fees assessed as a result of those overdrafts.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from obtaining any relief by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff and the putative class members' recovery is limited or barred by the doctrine of estoppel. Among other things, Plaintiff knowingly and willingly caused her account to overdraft and incurred fees assessed as a result of those overdrafts. Because Plaintiff never took action to avoid the fees, and Redstone relied on her conduct in assessing the fees, she should be estopped to deny the fees were legitimate.

## EIGHTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff and the putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE
## (Safe Harbor)

Plaintiff and the putative class members' claims are barred, in whole or in part, because Redstone complied with all applicable laws and regulations. Without limitation, Redstone is protected by the EFTA's safe harbor provision.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Setoff)

Plaintiff and the putative class members' recovery is limited or barred because they owe Redstone money.

## TWELFTH AFFIRMATIVE DEFENSE
## (Acquiescence)

Plaintiff and the putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Voluntary Payment)

Plaintiff and the putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Commercial Standards)

Plaintiff and the putative class members' claims are barred, in whole or in part, because Redstone acted in accordance with reasonable commercial standards.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Course of Dealing)

Plaintiff and the putative class members are barred from challenging Redstone's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether Redstone's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff and the putative class members acquiesced in Redstone's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from Redstone's interpretation, application, and implementation of the contractual terms and provisions.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff and the putative class members' state law claims are barred, in whole or in part, because they are preempted by federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Plaintiff and the putative class members' claims are barred by the doctrine of avoidable consequences.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Condition Precedent)

Pursuant to her contract with Redstone, Plaintiff is required to review her statements and inform Redstone of any errors within a certain period of time.

Plaintiff failed to do so.

## RESERVATION OF RIGHTS

Redstone expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

## PRAYER FOR RELIEF

**WHEREFORE**, Redstone respectfully requests that:

1. Plaintiff have and recover nothing;

2. Any request for class certification be denied;

3. Judgment of dismissal be entered in favor of Redstone and against Plaintiff;

4. Redstone be awarded its costs and reasonable attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5. The Court award all other relief that the Court deems just and proper.

Respectfully submitted,

Dated: April 13, 2021

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Stuart M. Richter*
Stuart M. Richter (*Pro Hac Vice*)
stuart.richter@katten.com
Andrew J. Demko (*Pro Hac Vice*)
andrew.demko@katten.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400

H. Harold Stephens
hstephens@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801

Telephone: (256) 517-5200

Nicholas Adam Danella
ndanella@bradely.com
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000

*Attorneys for Defendant Redstone Federal Credit Union*