FILED
2023 Apr-28  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HEATHER LESLIE, JEANINE DUNN, TAMELA HAMPTON, and JESSIE BEASLEY,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**REDSTONE FEDERAL CREDIT UNION,**<br><br>    Defendants. | Case No.: 5:20-cv-00629-LCB |

| | |
|---|---|
| **BEVERLY MACON and SAVANNAH GARNER,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**REDSTONE FEDERAL CREDIT UNION,**<br><br>    Defendants. | Case No.: 5:21-cv-01682-LCB |

## **ORDER**

Before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement. (Doc. 32, 5:21-cv-01682). Plaintiffs request that the Court

1

grant preliminary approval of their class action settlement with Defendant Redstone Federal Credit Union and direct the dissemination of Class Notice. The Court has reviewed the submissions of the Parties, and for good cause shown, it has found that the Parties are entitled to the relief they seek. The Court thus **GRANTS** the motion. (Doc. 32, 5:21-cv-01682). The Court **ORDERS** as follows:

1. The proposed Agreement, submitted with the motion and filed with the Court, is within the range of that which may be approved as fair, reasonable, and adequate. Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as the meaning described in the Agreement.

2. Based upon the submissions of the Parties and the evidence submitted therein, the Court conditionally makes the following findings for settlement purposes only, subject to final affirmation at the Final Approval Hearing: (a) the members of the Settlement Class ("Settlement Class members") are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class members; (c) Plaintiffs' claims and the defenses thereto are typical of the claims of Settlement Class members and the defenses thereto; (d) Plaintiffs and their counsel

can and have fairly and adequately protected the interests of the Settlement Class members in this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action and provides substantial benefits to the parties, the Settlement Class members and the Court.  These findings are made for settlement purposes only. The Court expresses no opinion or conclusion in this Order or otherwise about whether class certification would be proper if this case proceeds on the merits.

3. Accordingly, for purposes of this settlement only, the Court conditionally certifies a Settlement Class defined as follows:

> All persons who are members of the Multiple NSF Fee Class, Regulation E Class, and/or the Sufficient Funds Class.
>
> **Multiple NSF Fee Class**: All current or former members of Defendant who were assessed Multiple NSF Fees on a consumer account. Multiple NSF Fees mean nonsufficient funds fees that were charged and not refunded from December 20, 2015, to July 1, 2021, for ACH and check transactions that were re-submitted by a merchant after being rejected for insufficient funds.
>
> **Regulation E Class**: All current or former members of Defendant who were assessed Regulation E Overdraft Fees on a consumer account. Regulation E Overdraft Fees mean overdraft fees that were charged to members of Defendant and not refunded from May 5, 2014, to July 1, 2021, for non-recurring debit card or ATM transactions.
>
> **Sufficient Funds Class**: All current or former members of Defendant who were assessed Sufficient Funds Overdraft Fees on a consumer account. Sufficient Funds Overdraft Fees mean

      overdraft fees that Defendant assessed and did not refund from May 5, 2014, to July 1, 2021, where there was enough money in the member's account to cover the transaction in question if holds placed on deposits and pending debit card transactions were not deducted from the account balance.

4. This matter is conditionally certified as a class action for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3). If the Settlement does not receive final approval, Defendant retains the right to assert that this action may not be certified as a class action.

5. KalielGold PLLC is appointed as Class Counsel.

6. The Court finds that the manner of dissemination and the content of the Class Notice (attached as Exhibits to the Unopposed Motion for Preliminary Approval) meet the requirements of Federal Rule of Civil Procedure 23 and due process. The Court directs that the Notice be provided to Class Members as set forth in the Agreement. The Court finds that the dissemination and content of Class Notice, as set forth in the Agreement, constitutes the best notice practicable under the circumstances and provides sufficient notice to the members of the Settlement Class. All costs incurred in connection with the preparation and dissemination of any settlement notices to the Settlement Class shall be promptly paid out of the Settlement Fund. The Court hereby

also approves the appointment of Kroll as the Settlement Administrator for the purpose of disseminating the Class Notice.

7. Any Settlement Class member may object to the fairness, reasonableness, or adequacy of the proposed settlement. Each Settlement Class member who wishes to object to any term of this Settlement must do so in writing by timely mailing an Exclusion Letter to the Settlement Administrator at the following address: Kroll Settlement Administration LLC, c/o Robert DeWitte, 200 Market Street, Suite 2700, Philadelphia, PA 19103, robert.dewitte@kroll.com. Any such objection must be received on or before the Bar Date to Object, as specified in the Notice. Any such objection must contain: (a) the objector's full name, address, and telephone number; (b) an explanation of the basis upon which the objector claims to be a Settlement Class member; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) the identity of all counsel, if any, representing the objector who will appear at the Final Approval Hearing; (e) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (f) a statement confirming whether the objector intends to personally appear and/or

testify at the Final Approval Hearing. Any objection that fails to satisfy the above requirements, or that is not timely submitted, will be disregarded by the Court (absent further order) and deemed to have been waived, and the Settlement Class member asserting such objection shall be bound by the final determination of the Court.

8. Any person included within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must mail an Exclusion Letter to Settlement Administrator, care of the address provided in the Class Notice, and must be received on or before the Bar Date to Opt Out, as specified in the Notice.

9. If the Agreement is finally approved, the Court shall enter a Final Approval Order and Final Judgment that will be consistent with and in accordance with the terms of the Agreement and will: (a) determine that the Settlement is fair, adequate, and reasonable; (b) finally certify the Settlement Class for settlement purposes only; (c) determine that the Notice provided satisfies due process requirements; (d) enter judgment dismissing the Actions with prejudice; (e) bar and enjoin all Releasing Persons from asserting any of the released claims hereof, bar and enjoin all Releasing Persons from pursuing any released claims against Defendant or its affiliates at any time, including during any appeal from

the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions; (f) release Defendant and the Defendant Releasees from the released claims; (g) requiring the Parties and Settlement Administrator to implement the terms of the Settlement; and (h) reserve the Court's continuing and exclusive jurisdiction over the parties to this Agreement, including Defendant, all Settlement Class members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

10. In the event that the Agreement is not approved by the Court, is terminated or fails to become effective in accordance with its terms, the Agreement shall become null and void. The parties to the Actions shall stand in the same position as they existed as of the date of the execution of this Agreement. Any portion of the Settlement Fund previously paid by or on behalf of Defendant shall be returned to Defendant, together with any interest earned thereon, if any, less expenses actually incurred by the Settlement Administrator or due and owing to the Settlement Administrator, within two (2) business days from the date of the event causing such termination.

11. The dates of performance are as follows:

a) Within 15 days after entry of this Preliminary Approval/Notice Order, the Settlement Administrator shall send the Notice using the forms of Notice approved by the Court. The Notice shall be provided to Settlement Class members in three different ways: Email Notice to Class Members who are current members of Defendant and agreed to receive account notice by email; Short Form Notice sent by U.S. mail to Class Members who are not current members of Defendant or who have not agreed to receive electronic notices regarding their accounts, and for those Class Members whose Email Notices bounced back undelivered; and Long Form Notice, which shall be available on the Settlement Website and/or via mail upon a Settlement Class member's request.

b) The deadline for filing or submitting objections and requests for exclusion by Settlement Class members shall be 75 days from the date of this Order.

c) Class Counsel shall file and serve papers in support of final approval of the settlement, including the provision for payment of attorneys' fees and reimbursement of litigation expenses to Class Counsel no later than 15 days before the Bar Date to

       Object. Any responses by parties to any objections that may be timely and validly filed will be filed at least 7 days prior to the Final Approval Hearing Date.

    d) The Final Approval Hearing shall be held before this Court on October 2, 2023, at 1:30 p.m.

12. The Parties are hereby directed to carry out their obligations under the Agreement.

**DONE** and **ORDERED** April 28, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE